UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JEREMIAH FITZPATRICK YOUNG,  )<br>                                                        )<br>            Plaintiff                         )<br>                                                        )<br>v.                                                   )    Civil No. 05-30-B-W<br>                                                        )<br>DEPARTMENT OF HUMAN SERVICES,  )<br>et al.,                                           )<br>            Defendants                    )   | |

### *RECOMMENDED DECISION ON MOTION TO DISMISS*

On February 17, 2005 Jeremiah Fitzpatrick Young filed a complaint against the Department of Human Services and two of its caseworker employees alleging the defendants had destroyed his life and turned his wedding day into the unhappiest day of his life.  According to Young the Department and its caseworkers slandered and libeled him by claiming that he was a child abuser.  These allegations apparently resulted in his new wife losing custody of her child from a prior relationship with the Department acting to remove the child on the day of his wedding.  The intervention of the Department and its caseworkers led to a situation wherein "[his] marriage was ruined."  On March 2, 2005, Young amended his prayer for relief to clarify that he was no longer asking this court to order that custody of the child be returned to the natural mother because he perceived there might be jurisdictional problems with that request.  Young continues to seek monetary damages for the emotional abuse he suffered because of the slanderous

statements. The defendants have filed a motion to dismiss (Docket No. 11) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Young has responded to their motion to dismiss indirectly by filing a pleading he labels a "motion for preliminary injunction" and an amendment to the complaint. (Docket Nos. 12 & 13.) In his amendment to the complaint Young clarifies that he seeks relief pursuant to the Eighth Amendment to the United States Constitution, the constitutional provision banning cruel and unusual punishments. I now recommend that the Court **GRANT** the defendants' motion to dismiss because the complaint fails to state a federal claim. Any pendant state court tort claims should be dismissed without prejudice to Young's right to proceed in state court.

## DISCUSSION

In the wake of <u>Swierkiewicz v. Sorema N. A</u>., 534 U.S. 506, 508 (2002), to survive a motion to dismiss for failure to state a claim a 42 U.S.C. § 1983 complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson,</u> 355 U.S. 41, 47 (1957). In civil rights actions, as in the mine-run of other cases for which no statute or Federal Rule of Civil Procedure provides for different treatment, a court confronted with a Rule 12(b)(6) motion "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Educadores Puertorriquenos en Accion v. Hernandez,</u> 367 F.3d 61, 66 (1st Cir. 2004) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)). Additionally, because Young is <u>pro se</u> his complaint is to be subjected to "less stringent standards than formal

pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Moreover, also with a view to Young's pro se status, his other submissions, including his responses to the motion to dismiss, may be consulted in order to better understand the nature and basis of the claims set forth in his complaint. Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002).

The defendants' memorandum addresses primarily the Rule 12(b)(1) portion of their motion, concentrating upon this court's lack of jurisdiction over the subject matter of the complaint  They correctly point out that Young has failed to establish a basis for this court to exercise diversity jurisdiction and there is nothing in the complaint which alleges by name any violation of any federal statute or constitutional provision.  The defendants concede "the complaint could perhaps be construed to allege a state law tort cause of action for defamation or intentional infliction of emotional distress."  (Defs.' Mot. Dismiss at 4.)  I construe Young's clarifying amendment as an assertion that he is claiming that he was deprived of his rights under the Eighth Amendment to the United States Constitution.  Given this clarification, I am comfortable in concluding that Young is attempting to state a constitutional violation.

The United State Supreme Court has articulated the following standard for Eighth Amendment claims in Hope v. Pelzer:

> "'[T]he unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Whitley v. Albers, 475 U.S. 312, 319 (1986) (some internal quotation marks omitted). We have said that "[a]mong 'unnecessary and wanton" inflictions of pain are those that are 'totally without penological justification.'" Rhodes v. Chapman, 452 U.S. 337, 346 (1981). In making this determination in the context of prison conditions, we must ascertain whether the officials involved acted with "deliberate indifference" to the inmates' health or safety. Hudson v. McMillian, 503 U.S. 1, 8 (1992). We may infer the

3

>existence of this subjective state of mind from the fact that the risk of harm is obvious. Farmer v. Brennan, 511 U.S. 825, 842 (1994).

536 U.S. 730, 737- 38 (2002). As the articulated standard makes clear, the Eighth Amendment most commonly applies to convicted prisoners and concerns the infliction of pain upon those in custody. Young does not make out an Eighth Amendment on these facts nor, in my view, does he state any other constitutional claim.

In Paul v. Davis, 424 U.S. 693 (1976) the United States Supreme Court indicated that a claim for defamation does not rise to a constitutional level merely because of a harm or injury to the plaintiff's reputation inflicted by a state actor. Id. at 712. In Paul v. Davis the plaintiff claimed he was defamed when police officers circulated his picture to area merchants on a flier that labeled him as an "active shoplifter." Id. at 695-96. In Siegert v. Gilley, 500 U.S. 226 (1991) the Court clarified that even if the alleged defamation seriously impaired future employment prospects, so long as the alleged damages flow from injury caused by the defendant to the plaintiff's reputation, it is not an injury that is recoverable in a claim for a constitutional violation. Id. at 233-34.

The test to determine if a defamation claim rises to the level of a constitutional violation has come to be known as the "defamation-plus" test. Celia v. O'Malley, 918 F.2d 1017, 1021 (1st Cir. 1990). In order to maintain a cognizable 42 U.S.C. § 1983 claim based on defamation, a plaintiff must demonstrate the loss of a property or liberty interest rooted in the constitution in conjunction with injury to reputation. See Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991), vacated on other grounds, 963 F.2d 1220 (9th Cir.1992). As the Ninth Circuit has explained, a § 1983 claim for defamation-plus may be proved either by demonstrating that the plaintiff suffered an "injury to reputation that was inflicted in connection with the violation of a federally protected right" or by

4

demonstrating that the plaintiff's "injury to reputation caused the denial of a federally protected right." Herb Hallman Chevrolet v. Nash-Holmes, 169 F.3d 636, 645 (9th Cir.1999).

      Although Young has couched the constitutional violation in terms of the Eighth Amendment, bearing in mind that he is a pro se prisoner litigant using a court form that instructs him not to cite cases or statutes, I will assume arguendo that he intended to allege that his substantive due process rights were violated. The Supreme Court in several cases has recognized an abstract fundamental liberty interest in "familial integrity." See Stanley v. Illinois, 405 U.S. 645 (1972) (unwed father has fundamental right in the care and custody of children born out of wedlock with whom he maintained strong parental relationship).  The Court, however, has never recognized the right to familial integrity as absolute or unqualified.  See, e.g., Lehr v. Robertson, 463 U.S. 248, 256 (1983) (relationship between parent and child - the "intangible fibers" of which are "woven throughout the fabric of our society, providing it with strength, beauty, and flexibility" -- merits constitutional protection in "appropriate cases"). Furthermore, the government itself has a compelling interest in the health, education, and welfare of children as future citizens. See, e.g., Santosky v. Kramer, 455 U.S. 745, 766 (1982) (state has parens patriae interest in welfare of child).

      Given the current state of the law regarding this constitutionally protected right to familial integrity, I cannot conclude that Young has alleged sufficient facts to make out a violation of a federally protected liberty interest.  As he himself recognizes, the State's removal of his new wife's child does not directly impact any federally protected right to familial integrity that he may have because he has no legal relationship to the child; he is

5

neither the natural nor adoptive father. There is most certainly a federally protected right that extends to the relationship between Young and his wife: "Marriage is one of the 'basic civil rights of man,' fundamental to our very existence and survival." Loving v. Virginia, 388 U.S. 1, 12 (1967) (quoting Skinner v. State of Oklahoma, 316 U.S. 535, 41 (1942)). But Young has not alleged any facts suggesting that the defendants interfered with his right to marry the child's mother. He does allege, in conclusory fashion, that his marriage was ruined. I will construe the allegation to be more than having his wedding day plans disrupted (certainly not a constitutional violation in and of itself). In order to make out a § 1983 defamation-plus claim Young would have to allege facts sufficient to establish a connection between the alleged federal violation (viz. the violation of a constitutional/federal statutory right of a man to marry a woman) and the defendants' alleged defamatory statements. The complaint provides no facts on this score. It merely relates in conclusory fashion that the defendants spread lies about him and damaged his reputation. He has alleged nothing more than that the defamation caused the damage, including his marital unhappiness. That sort of allegation does not state a constitutional violation under the Paul v. Davis defamation-plus test.

## Conclusion

Based upon the foregoing I recommend the court **GRANT** the defendants' motion and dismiss the federal cause of action for failure to state a claim and dismiss without prejudice any state tort claim associated therewith.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum,

within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated June 14, 2005

7